IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CEDRIC LEWIS and other Employees Similarly Situated,  <br>  Plaintiffs,  <br> v.  <br> CHOW TIME LLC a/k/a CHINA INN,  <br>  Defendant. | No. 15-cv-2627-SHL-dkv |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL INITIAL DISCLOSURES, SECOND MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS, AND GRANTING JOINT MOTION TO AMEND THE COURT'S SCHEDULING ORDER**

Before the Court are two Motions: (1) Plaintiff's Motion to Compel Initial Disclosures, Second Motion to Compel Discovery and for Sanctions, filed September 12, 2016 (ECF No. 44); and (2) Parties' Joint Motion to Amend the Court's Scheduling Order, filed October 10, 2016 (ECF No. 46). Defendant filed a Response to Plaintiff's Motion to Compel and for Sanctions on September 22, 2016. (ECF No. 45.) The Court held a hearing on both Motions on October 17, 2016. (ECF No. 48.) After hearing argument from the Parties, the Court **GRANTED** Plaintiff's Motion to Compel, **GRANTED IN PART** Plaintiff's Motion for Sanctions and **GRANTED** the Joint Motion to amend the scheduling order.

I.  Background

This is a Fair Labor Standards Act ("FLSA") filed September 23, 2015, by Cedric Lewis against Chow Time for alleged failure to pay overtime from October 2009 to October 2012. (ECF No. 1.) After continuous delays regarding discovery, Plaintiff filed his first Motion to Compel on June 9, 2016. (ECF No. 25.) On June 27, 2016, Defendant received additional time

to respond to the first Motion to Compel due to issues with a third-party payroll service (ECF No. 25), and, on July 5, 2016, the Court was notified that many documents pertaining to this case were lost in a house fire at Mr. and Mrs. Chow's home. (ECF No. 26.) The Court then allowed previous counsel to withdraw from this matter, and, at a status conference on August 26, 2016, new counsel produced some additional documents apparently not lost in the fire. (ECF Nos. 26, 37.) Given the document production at the hearing, the Court denied the first Motion to Compel, giving Plaintiff leave to re-file based on the updated status of discovery. (ECF No. 26.) Plaintiff filed the present Motion on September 12, 2016, arguing that, at that point, Defendant had still only produced a total of four documents to Plaintiff and had failed to provide sworn answers to interrogatories.

II.     Plaintiff's Motion to Compel and for Sanctions

Plaintiff requests that the Court compel Defendant to provide complete Initial Disclosures and complete responses to written discovery. (ECF No. 44 at 1.) Defendant admits that they have failed to provide sworn answers to interrogatories and that they have failed to provide complete discovery as outlined in their Initial Disclosures. At the hearing on the Motions, counsel for Defendant argued that the discovery delays can be attributed to the delayed production of documents from a third-party payroll servicer and to the change in counsel. He noted that, because of these delays, there remains some outstanding written discovery to be produced, most notably information regarding other similarly-situated employees to Mr. Lewis. Because there have been <u>substantial</u> inexcusable delays in Defendant's production of relevant documents, the Court **GRANTS** Plaintiff's Motion to Compel.

The Court gives Defendants until November 2, 2016, to produce all outstanding documents, including, but not limited to, (1) records from the third-party payroll servicer

regarding similarly-situated employees; (2) any additional documents listed by Defendant in the Initial Disclosures or responsive to Plaintiff's discovery requests; and (3) sworn copies of Defendant's responses to Plaintiff's Interrogatories and Requests for Production.  To the extent Defendant attempts to do so, the Court will not permit Defendant to rely on any documents that are not produced by November 2, 2016.

In light of Defendant's substantial discovery deficiencies, Plaintiff requests that the Court enter sanctions against Defendants pursuant to Fed. R. Civ. P. 37.  Plaintiff requests several forms of relief under Rule 37, including, but not limited to, attorney's fees and costs.  During the hearing, the Court **GRANTED IN PART** Plaintiff's Motion for Sanctions, finding that Plaintiff's counsel should be compensated for the fees and expenses incurred as a result of Defendant's delays.  The parties are invited to cooperate and come to a mutually agreed amount to satisfy that recompense; however, in the event that they are unable to do so, Plaintiff's counsel is instructed to file a motion, including an affidavit of expenses and fees, in addition to pointed argument on the reasonableness of such expenses and fees.  The Court reserves ruling on Plaintiff's remaining requests for sanctions, including questions regarding the scope of proof that will be permitted to be introduced into evidence or whether Defendant's actions warrant a default judgment against it.

III.   Amended Scheduling Order

Due to the ongoing discovery disputes that make it impossible for the Parties to meet the existing deadlines, the Court reluctantly amends the Scheduling Order as follows:

**COMPLETING ALL DISCOVERY:** January 6, 2017

   (a)   **DOCUMENT PRODUCTION AND INTERROGATORIES:** November 2, 2016

   (b)   **DEPOSITIONS AND REQUESTS FOR ADMISSIONS:** January 6, 2017

    **(c)**    **EXPERT WITNESS DISCLOSURES (Rule 26):**

        **(1)**    **DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION:** November 18, 2016

        **(2)**    **DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION:** December 9, 2016

        **(3)**    **EXPERT WITNESS DEPOSITIONS:** January 6, 2017

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS:** January 27, 2017

**FILING DISPOSITIVE MOTIONS:** January 27, 2017

**JOINT PROPOSED PRETRIAL ORDER DUE:** April 28, 2017
(E-Mail Joint Proposed Pretrial Order in Word or WordPerfect format to: ECF_Judge_Lipman@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:** May 5, 2017 at 9:00 a.m.

**JURY TRIAL:** May 15, 2017 at 9:30 a.m.  Trial is anticipated to last approximately 2-3 days.

    **IT IS SO ORDERED,** this 19th day of October, 2016.

                                    s/ Sheryl H. Lipman
                                    SHERYL H. LIPMAN
                                    UNITED STATES DISTRICT JUDGE